# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00593-CV

**Appellant, Danny Davis // Cross-Appellant, Sysco Food Services of Austin, L.P.**

**v.**

**Appellee, Sysco Food Services of Austin, L.P. // Cross-Appellee, Danny Davis**

## FROM TRAVIS COUNTY COURT AT LAW NO. 1
### NO. C-1-CV-03-271634, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

Because I would hold that the partial-performance exception to the statute of frauds does not apply to this case, and therefore that Davis's alleged oral agreement to assume the Dam View equipment debt is unenforceable, I respectfully dissent.

The partial-performance exception applies only when "failure to enforce the contract would result in a 'virtual fraud.'" *Hill v. Heritage Res., Inc.*, 964 S.W.2d 89, 135 (Tex. App.—El Paso 1997, pet. denied). To qualify for the partial-performance exception, the acts of performance by the party seeking to enforce the agreement "must be unequivocally referable to the agreement and corroborative of the fact that a contract actually was made." *Wiley v. Bertelsen*, 770 S.W.2d 878, 882 (Tex. App.—Texarkana 1989, no writ). Furthermore, the acts of performance "must be such as could have been done with no other design than to fulfill the particular agreement sought to be enforced; otherwise, they do not tend to prove the existence of the parol agreement

relied upon by the plaintiff." *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 439-440 (Tex. App.—Dallas 2002, no pet.).

Here, Sysco's actions in declining to repossess the Dam View equipment are not *unequivocally* referable to the agreement Sysco is seeking to enforce. Rather, they are equally referable to the agreement alleged by Davis—an agreement that he would pay $1,000 per month simply to prevent repossession of the equipment, as opposed to an agreement to assume the entire amount of the debt.[1] Therefore, Sysco's actions are not such that they "could have been done with no other design than to fulfill" an agreement with Davis that he would assume the entire amount of the debt and, as a result, do not tend to prove the existence of such an agreement. *Exxon*, 82 S.W.3d at 439-440; *see also Wiley*, 770 S.W.2d at 882 ("What is done must itself supply the key to what is promised.").

Similarly, Sysco's actions are not unequivocally referable to an agreement that Davis would purchase the equipment, as they can be fully explained in the context of an agreement with Davis to simply postpone repossession of the equipment. *See Wiley*, 770 S.W.2d at 882 (holding that rendition of services in return for monthly salary does not qualify as partial performance of ten-year employment agreement "because the services were fully explained by the salary without supposing any additional consideration").

---

[1] Sysco representative Jeff Maurer testified that during his conversation with Davis regarding the equipment, Davis agreed to "be responsible for that equipment *to not have it taken away*." (Emphasis added.) Maurer further testified that he did not recall ever speaking with Davis again about the equipment after that conversation.

Based on the foregoing, I would hold that the partial-performance exception to the statute of frauds is inapplicable and that the agreement is unenforceable. *See* Tex. Bus. & Com. Code Ann. § 26.01 (West 2009). I would reverse that portion of the trial court's judgment awarding Sysco the amount of the Dam View equipment debt, and would remand the award of attorney's fees for a redetermination of the appropriate fee amount in light of that holding.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Filed: December 4, 2009